**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LAWRENCE DALE FOSTER,

    *Plaintiff*,

v.

LYNETTE MULKEY,
*Ogemaw County Magistrate*,

    *Defendant*.
_____/

CASE NO. 10-CV-12618

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be given.[1]

**II.    REPORT**

    **A.    Introduction**

On July 1, 2010, Plaintiff Lawrence Foster filed this *pro se* civil rights action. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

---

[1] In the event that this Report and Recommendation is adopted, Plaintiff's pending Application for Appointment of Counsel (Doc. 3) will be moot.

B.   **Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When screening a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).  "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

## C. Discussion

In this case, the Complaint consists of the following paragraph:

> Lynette Mulkey, Ogemaw County Magistrate, allowed Chief Rodger Williams, West Branch City Police Department, to introduce falsified documentation and issue a warrant for my arrest.

(Compl., Doc. 1 at 1-2 (spelling & punctuation errors corrected).)

I suggest that this complaint is subject to *sua sponte* dismissal because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Defendant Mulkey, according to the Complaint, is a county magistrate. Judges have absolute immunity from civil rights suits for actions performed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). "State court magistrates are clearly judicial officers entitled to the protections of judicial immunity." *Nicklay v. 56-A Dist. Court*, No. 1:08-cv-331, 2008 WL 4376400, at *4 (W.D. Mich. Sept. 22, 2008) (citing *Krajicek v. Justin*, 991 F. Supp. 875, 876 (E.D. Mich. 1998), *aff'd*, 178 F.3d 1294 (6th Cir. 1999)). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles*, 502 U.S. at 11-12. Plaintiff's claims that Magistrate Mulkey made an evidentiary ruling and signed a search warrant are clearly acts taken in her official capacity and are well within the jurisdiction of her office as a magistrate, and therefore I suggest that she is immune from suit.

Accordingly, I recommend that the complaint be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915e(2)(B).

**III. REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                             s/ Charles E Binder
                                             CHARLES E. BINDER
Dated: July 13, 2010                          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on Lawrence Dale Foster at 343 S. Third St., West Branch, MI, 48661-1333.

Date: July 13, 2010                          By     s/*Jean L. Broucek*
                                                          Case Manager to Magistrate Judge Binder